113 F.3d 1243
 79 A.F.T.R.2d 97-2854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gail C. DIXON, Defendant-Appellant.
 No. 96-10362.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 14, 1997.
 
 Before: PREGERSON, NOONAN, and KLEINFELD, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Gail Dixon (Dixon) appeals her conviction and sentence on 14 counts of aiding and abetting the preparation of false or fraudulent tax returns, 26 U.S.C. § 7206(2). We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 Dixon operated a tax preparation service in East Palo Alto, California. For the years involved here, Dixon's employees generally met with clients to obtain the information necessary to complete the tax returns. Either the employees or Dixon input the information into a computer that then generated the tax return. According to office policy, Dixon was to review, stamp, and sign all tax returns.
 
 
 4
 In 1992, the Internal Revenue Service conducted an undercover investigation involving Dixon and then raided her business. After a jury trial, Dixon was convicted on 14 counts involving overstated itemized deductions for four taxpayers, but acquitted of 5 counts involving false child care credits, earned income credits, and overstated itemized deductions for two other taxpayers.
 
 
 5
 The district court enhanced Dixon's sentence by two points for being the leader of a criminal activity. Dixon was sentenced to 27 months imprisonment, fined $5,000, and ordered to pay a special assessment of $700. Dixon appeals the sufficiency of the evidence supporting her conviction and her sentence.
 
 ANALYSIS
 I. SUFFICIENCY OF THE EVIDENCE TO CONVICT
 
 6
 The elements of the offense of aiding and abetting the preparation of a false tax return under 26 U.S.C. § 7206(2) are: "(1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." United States v. Salerno, 902 F.2d 1429, 1432 (9th Cir.1990). Willfullness can be established by showing that defendant either: (1) acted with bad purpose or evil motive, or (2) voluntarily and intentionally violated a known legal duty. United States v. Kellogg, 955 F.2d 1244, 1248 (9th Cir.1992). Proof that defendant had actual knowledge of the legal duty is sufficient to prove willfulness if the government negates any claim of ignorance or misunderstanding of the law. Id. Willfulness may be proved by circumstantial evidence. United States v. Conforte, 624 F.2d 869, 875 (9th Cir.1980). Construing the evidence in the light most favorable verdict, we hold that a rational juror could have found beyond a reasonable doubt that Dixon was guilty. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 As to the first element, the signature on nine of the returns was identified as Dixon's. On the other five returns, Dixon's signature was added either by stamp or by another employee. According to office policy, however, Dixon reviewed and finalized those five returns and authorized an employee to sign or stamp her name. The second element was proved by the testimony of Dixon's clients that the actual amounts of several itemized deductions were lower than the amounts shown on the returns underlying the counts of conviction and that they did not give the incorrect amounts to Dixon.
 
 
 8
 Circumstantial evidence proved the third element, Dixon's willfulness. One of Dixon's former employees and a witness for the defense testified that Dixon was "fairly knowledgeable" on tax matters. Other former employees testified about Dixon's policy of falsifying exemptions or earned income or child care credits on short-form returns (returns with no itemized deductions) to generate a refund. See United States v. Conlin, 551 F.2d 534, 536 (2nd Cir.1977) (pattern of overstated deductions and unusually high tax return preparation fees based on excessive tax refunds that followed sufficiently demonstrated willfulness). The receptionist at Dixon's office told the IRS agent who conducted the undercover operation that "the lady" could provide him with a letter if there were any problems with the IRS concerning the inflated deductions shown on the return Dixon prepared for him. See United States v. Miller, 529 F.2d 1125, 1127 (9th Cir.1976) (pattern of overstated deductions coupled with false documentation to verify false deductions proves intent); Amos v. United States, 496 F.2d 1269, 1273-74 (8th Cir.1974) (same).
 
 II. SENTENCING ENHANCEMENT
 
 9
 The district court enhanced Dixon's sentence by two points for being "an organizer, leader, manager, or supervisor" in the criminal activity. U.S.S.G. § 3B1.1(c). This enhancement applies only where the defendant was the organizer, leader, manager, or supervisor of one or more other persons who are criminally responsible. United States v. Anderson, 942 F.2d 606, 617 (9th Cir.1991) (en banc); U.S.S.G. § 3B1.1 appl. n. 1 & 2. The other criminally responsible person need not be convicted. United States v. Helmy, 951 F.2d 988, 997 n. 7 (9th Cir.1991); U.S.S.G. § 3B1.1, appl. n. 1. Relevant conduct to be considered in determining the scope of the criminal activity and whether the defendant was a leader includes not only the actions underlying the counts of conviction but also actions involving the same course of conduct or common scheme or plan as the counts of conviction. United States v. Lillard, 929 F.2d 500, 502-03 (9th Cir.1991); U.S.S.G. § 1B1.3; U.S.S.G. Ch. 3, Pt. B, intro. comment.
 
 
 10
 Dixon argues the enhancement is improper because the inquiry for sentencing of an aiding and abetting conviction should focus on the taxpayers, whom Dixon argues she did not direct and supervise and who could not have been criminally liable for aiding and abetting themselves. We see no reason to limit the application of § 3B1.1 in this way. Dixon argues alternatively that even if the focus is on employees, there is no evidence that she directed her employees to falsify entries on the false tax returns for which she was convicted. We disagree. Dixon instructed several employees to falsify dependent exemptions on short-form returns and told one employee that she could falsify charitable deductions on the client information sheets. Although none of the employees were indicted, they were aware at some point that their conduct, undertaken at Dixon's direction, was illegal. The sentencing enhancement was proper.
 
 
 11
 The convictions and sentence are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3